UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| LYNNE S. RIDGEWAY and Husband, | ) | | |
| NOAH D. RIDGEWAY, SR., | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:11-CV-169 |
| | ) | | (VARLAN/SHIRLEY) |
| PETER A. BERGMAN and | ) | | |
| JAMES D. CARSON, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM OPINION**

This civil action is before the Court on defendants' Motion to Dismiss or in the Alternative, for Partial Summary Judgment [Doc. 12]. No response was filed, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons explained herein, the Court will grant the alternative request for partial summary judgment.

**I.   Background**

This is a diversity action, which arose from a car accident that occurred in Campbell County, Tennessee on April 19, 2010 [Doc. 1]. On that date, plaintiff Lynne S. Ridgeway was driving her 2006 Cadillac in a northerly direction on Interstate 75 [*Id.*]. At approximately the same time and place, defendant Peter A. Bergman ("defendant Bergman") was driving a 2010 Buick in a northerly direction on Interstate 75 [*Id.*]. As defendant Bergman attempted to change lanes of traffic, he allegedly struck plaintiff's vehicle, causing her vehicle to spin out of control and strike the median guardrail before coming to rest on the right-hand shoulder of the Interstate [*Id.*].

Plaintiffs assert that defendant Bergman operated the vehicle without exercising ordinary and due care under the circumstances [*Id*.]. Plaintiffs further allege defendant Bergman was negligent for failing to keep a proper look out ahead, for failing to keep the vehicle under proper control, and for violating Tenn. Code Ann. §§ 55-8-123[1] and 55-10-

---

[1]The statute provides:

> Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent with this section, shall apply:
>
> (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety;
>
> (2) Upon a roadway that is divided into three (3) lanes, a vehicle shall not be driven in the center lane except when overtaking and passing another vehicle where the roadway is clearly visible and the center lane is clear of traffic within a safe distance, or in preparation for a left turn or where the center lane is at the time allocated exclusively to traffic moving in the direction the vehicle is proceeding and is signposted to give notice of this allocation;
>
> (3) Official signs may be erected directing slow-moving traffic to use a designated lane or designating those lanes to be used by traffic moving in a particular direction regardless of the center of the roadway, and drivers of vehicles shall obey the directions of every such sign; and
>
> (4)(A) Where passing is unsafe because of traffic in the opposite direction or other conditions, a slow-moving vehicle, including a passenger vehicle, behind which five (5) or more vehicles are formed in line, shall turn or pull off the roadway wherever sufficient area exists to do so safely, in order to permit vehicles following it to proceed. As used in this subdivision (4), a slow-moving vehicle is one which is proceeding at a rate of speed that is ten (10) miles per hour or more below the lawful maximum speed for that particular roadway at that time.
>
> (B) Any person failing to conform with the provisions of subdivision (4)(A) shall receive a warning citation on first offense and be liable for a fine of twenty dollars ($20.00) on second offense, and fifty dollars ($50.00) on third and subsequent offenses.

205[2] [*Id*.]. In addition, plaintiffs assert that defendant James D. Carson was the owner of the

---

>   (C) Subdivision (4)(A) shall not apply to funeral processions nor to school buses.

Tenn. Code Ann. § 55-8-123.

[2]The statute provides:

>   (a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.
>
>   (b) A person commits an offense of reckless driving who drives a motorcycle with the front tire raised off the ground in willful and wanton disregard for the safety of persons or property on any public street, highway, alley, parking lot, or driveway, or on the premises of any shopping center, trailer park, apartment house complex, or any other premises that are generally frequented by the public at large; provided, that the offense of reckless driving for driving a motorcycle with the front tire raised off the ground shall not be applicable to persons riding in a parade, at a speed not to exceed thirty miles per hour (30 mph), if the person is eighteen (18) years of age or older.
>
>   (c)(1) Any motor vehicle operator who knowingly ignores a clearly visible and adequate flood warning sign or barricade and drives into a road area that is actually flooded commits reckless driving. In addition to the penalties imposed pursuant to subsection (d), the court may order the operator to pay restitution to defray the taxpayer cost of any rescue efforts related to such violation.
>
>   (2) It is an affirmative defense to prosecution under this section, which must be proven by a preponderance of the evidence, that the operator's driving through the flood warning sign or barricade was necessitated by a bona fide emergency.
>
>   (3) This subsection (c) shall not apply to an emergency vehicle. "Emergency vehicle" means a vehicle of a governmental department or public service corporation when responding to any emergency, or any vehicle of a police or fire department, or any ambulance.
>
>   (d) A violation of this section is a Class B misdemeanor.

Tenn. Code Ann. § 55-10-205.

2010 Buick and is thus vicariously liable for defendant Bergman's actions because the vehicle was being driven by defendant Bergman for the use and benefit of the owner and/or pursuant to the family purpose doctrine [*Id*.].

Plaintiff Lynne S. Ridgeway claims she has incurred substantial medical and related expenses, has endured a great deal of pain and suffering, and has been deprived of a portion of her ability to earn an income as well as a portion of her ability to enjoy life in general [*Id*.]. She asserts her injuries are or may be permanent in nature and seeks one hundred thousand dollars in damages [*Id*.]. Plaintiff Noah D. Ridgeway, Sr., claims he has suffered and will suffer the loss of companionship, services, and consortium of his wife, plaintiff Lynne S. Ridgeway [*Id*.]. He seeks seven thousand five hundred dollars in damages [*Id*.].

Defendants filed an answer, generally denying the allegations contained in the complaint [Doc. 3]. Subsequently, they filed the instant motion, pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure, seeking to dismiss defendant Carson or granting partial summary judgment in his favor [Doc. 12]. Attached to the motion is the affidavit of Carolyn Carson, defendant Carson's wife, and exhibits pertaining to the ownership of the 2010 Buick [Doc. 12-1]. Because the Court has considered these documents in deciding the instant motion, it treats defendants' motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d) (providing that, "[i]f on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"). The Court finds that plaintiffs, who are represented by counsel,

4

are not likely to be surprised by treating defendants' motion as one for summary judgment as the motion was framed as an alternative motion for summary judgment and because an answer had already been filed by defendants.[3] *See* Fed. R. Civ. P. 12(b) (providing that a Rule 12(b)(6) motion "must be made before pleading if a responsive pleading is allowed"); *see also Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998) (providing that notice the Court is converting a Rule 12(b)(6) motion into one for summary judgment is required where a party is likely to be surprised by the proceedings).

## II.     Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002). "Once the moving party presents evidence sufficient to support a motion under Rule 56, the non-moving party is not entitled to a trial merely on the basis of allegations." *Curtis*

---

[3] In addition, the only standard of review discussed in the motion is that for Rule 56 and the motion argues there is no genuine issue of material fact, which is language employed when requesting summary judgment.

5

*Through Curtis v. Universal Match Corp., Inc.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Catrett*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

The Court notes again that plaintiffs have not responded to defendants' motion. Non-response standing alone, however, is not determinative of whether summary judgment is appropriate. *Aquent, LLC v. United States*, No. 08-15275, 2011 U.S. Dist. LEXIS 40132, at *1 (E.D. Mich. Apr. 13, 2011) (discussing the former version of Rule 56 and noting that "the non-movant's failure to respond does not relieve the movant of its burden to establish

6

Case 3:11-cv-00169-TAV-CCS   Document 15   Filed 03/20/12   Page 6 of 10   PageID #: 58

that 'the moving party is entitled to judgment as a matter of law'" (citation omitted)). Relevant to a party's failure to respond is Rule 56(e), which provides:

> (e) If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> . . .
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2); 56(e)(3).[4] Accordingly, the Court has examined the motion and supporting materials to determine if summary judgment is appropriate. *See Aquent*, 2011 U.S. Dist. LEXIS 40132, at *1 (taking the same approach with respect to a plaintiff's motion for summary judgment where the sole defendant failed to respond).

**III. Analysis**

Defendants assert that plaintiffs have erroneously alleged that defendant Carson was the owner of the 2010 Buick, which was being operated by defendant Bergman at the time of the accident [Doc. 14]. They submit evidence that the 2010 Buick was instead owned solely by defendant Bergman's sister and defendant Carson's wife, Carolyn Carson [Doc. 14; Doc. 12-1]. They further submit evidence that although defendant Bergman was operating

---

[4]The Advisory Committee Notes for the 2010 amendments indicate that the Rule was revised to preclude summary judgment from being granted by default, even "if there is a complete failure to respond to the motion." Fed. R. Civ. P. 56 advisory committee's note (discussing when a party fails to properly address another party's assertion of fact as required by 56(c)).

7

the 2010 Buick at the time of the accident with Mrs. Carson's permission, he was not a resident of the Carson household [*Id.*]. Defendants claim these facts preclude imputing liability to defendant Carson as well as application of the family purpose doctrine, and that defendant Carson should be dismissed [Doc. 14].

It is undisputed that defendant Carson did not own the 2010 Buick. Defendants submit the Ohio Certificate of Title and the Ohio Certificate of Registration for the 2010 Buick, both of which indicate that the vehicle was owned solely by "M. Carolyn Carson" [Doc. 12-1].[5] Under Tennessee law, these documents establish *prima facie* evidence that the vehicle was owned by Mrs. Carson. *See* Tenn. Code Ann. §§ 55-10-311 and 55-10-312.[6] And while it may be presumed under Tennessee law that such proof of ownership shall be *prima facie* evidence that defendant Bergman was operating and using the 2010 Buick with the authority, consent, and knowledge of Mrs. Carson, such cannot be said of defendant Bergman [*See also* Doc. 12-1 (stating that Mrs. Carson granted defendant Bergman permission to operate the vehicle)]. *See id.*

---

[5]The certificates were issued in February 2010.

[6]As this is a diversity action, the choice-of-law principles of Tennessee apply. *Montgomery v. Wyeth*, 580 F.3d 455, 459 (6th Cir. 2009) (citation omitted). Under Tennessee law, "'the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation.'" *Id.* (citation omitted). Defendants rely upon Tennessee law (as do plaintiff's in the complaint), and because the Court finds no reason why another state would have a more significant relationship to the litigation, the Court applies Tennessee law.

8

Under the family purpose doctrine,[7] "the head of a household who maintains a motor vehicle for the general use and convenience of the family is liable for the negligence of any member of the family driving the vehicle, provided the driver received express or implied consent." *Camper v. Minor*, 915 S.W.2d 437, 447 (Tenn. 1996). It "is applicable when two requirements have been satisfied." *Id.* "First, the head of the household must maintain an automobile for the purpose of providing pleasure or comfort for his or her family." *Id.* (citation omitted). "Second, the family purpose driver must have been using the motor vehicle at the time of the injury 'in furtherance of that purpose with the permission, either expressed or implied, of the owner.'" *Id.* (citations omitted).

The Court agrees with defendants that the family purpose doctrine does not apply here. At the time of the accident, defendant Bergman, defendant Carson, and Mrs. Carson were returning from a trip they had taken together [Doc. 14]. While defendants assert that the doctrine does not apply because defendant Bergman did not reside with the Carsons, that fact is not dispositive. *See Starr v. Hill*, 353 S.W.3d 478 (Tenn. 2011) (noting that "the identification of a family member as a head of the household is primarily based on his or her family relationship and duty to support the driver rather than place of residency"). Nevertheless, it appears from the record before the Court that defendant Bergman did not rely

---

[7]It is questionable whether the family purpose can apply to defendant Carson as the evidence demonstrates he is not the owner of the 2010 Buick and did not give defendant Bergman permission to drive the vehicle [*see* Doc. 12-1], *see Starr v. Hill*, 353 S.W.3d 478 (Tenn. 2011) (discussing whether an "*owner* of a vehicle is to be designated a head of the household for purposes of the family purpose doctrine" (emphasis added)); however, the Court addresses application of this doctrine as an alternative ground for granting summary judgment as to defendant Carson.

9

upon defendant Carson for support. Thus, defendant Carson cannot be liable for any negligence of defendant Bergman under this doctrine. *See id.* (discussing cases where the family purpose doctrine did not apply because the owners did not owe the drivers, even though family members, any duty to provide for the drivers' support). The Court finds this conclusion most appropriate in light of the Supreme Court of Tennessee's recent explanation that one of the rationales for the family purpose doctrine is "to create an incentive for a parent to exercise control over a child's use of the vehicle . . . ." *Id.* (citation omitted). Such purpose would not be served by applying the doctrine here.

In sum, the Court finds the undisputed material facts demonstrate that there is no legal basis for imposing vicarious liability upon defendant Carson and that he should be dismissed from this case.

**IV.    Conclusion**

For the reasons stated above, defendants' Motion to Dismiss or in the Alternative, for Partial Summary Judgment [Doc. 12] will be **GRANTED** and summary judgment will be **ENTERED** in favor of defendant James D. Carson on plaintiffs' claim against him. Plaintiffs' claim against defendant James D. Carson will be **DISMISSED**. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE